UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL CHEVRESTT<br><br>                            Plaintiff,<br><br>- against -<br><br>HEARST COMMUNICATIONS, INC.<br><br>                            Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Angel Chevrestt ("Chevrestt" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Hearst Communications, Inc. ("Hearst" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of nine (9) copyrighted photograph's of Babe Ruth's former New York City apartment, owned and registered by Chevrestt, a New York based photojournalist. Accordingly, Chevrestt seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Chevrestt is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 74 Forest Road, Dumont, New Jersey, 07628. Chevrestt has won numerous awards and fellowships, including the New York Foundation for the Arts' Gregory Millard Fellowship and the Bronx Council of the Arts Fellowship.

6. Upon information and belief, Hearst is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 300 West 57 Street, New York, New York, 10019. At all times material hereto, Hearst has operated and continues to operate a website at the URL: www.elledecor.com (the "Website").

## STATEMENT OF FACTS

A.  **Background and Plaintiff's Ownership of the Photographs**

7. On or about August 31, 2015, Chevrestt photographed Babe Ruth's former New York City apartment (the "Photograph"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

8. Chevrestt then licensed the Photographs to The New York Post. On August 31, 2015, The New York Post ran an article that featured the Photographs on its web edition entitled, *You can own Babe Ruth's two-bedroom UWS apartment for $1.6M*. See http://nypost.com/2015/08/31/babe-ruths-old-apartment-on-sale-for-1-6m/. Chevrestt's name was featured in a gutter credit identifying him as the photographer of the Photographs. A true and correct copy of the Photographs in the article are attached hereto as Exhibit B.

9. Chevrestt is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10. The Photographs were registered with United States Copyright Office and were given Copyright Registration Number VA 1-997-006.

### B. Defendant's Infringing Activities

11. Upon information and belief, on or about August 31, 2015, Hearst ran an article on the Website entitled *Live Like a Sports Legend in Babe Ruth's Former Manhattan Apartment*, *Don't Strike Out On The Chance To Live Like Baseball's Greatest Hero.* See http://www.elledecor.com/celebrity-style/celebrity-homes/news/a7663/babe-ruth-manhattan-apartment-for-sale/. The article prominently featured the Photographs. A true and correct copy of Photographs on the article is attached hereto as Exhibit C.

12. Hearst did not license the Photographs from Plaintiff for its article, nor did Hearst have Plaintiff's permission or consent to publish the Photographs on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST HEARST)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Hearst infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Hearst is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Hearst have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

20. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Hearst be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4.  That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5.  That Plaintiff be awarded pre-judgment interest; and

6.  Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
July 11, 2016

                                         LIEBOWITZ LAW FIRM, PLLC

                                         By: /s/ Richard Liebowitz
                                                     Richard P. Liebowitz
                                         11 Sunrise Plaza, Suite 301
                                         Valley Stream, NY 11580
                                         Tel: (516) 233-1660
                                         RL@LiebowitzLawFirm.com

                                         *Attorney for Plaintiff Angel Chevrestt*